UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONTA DEON IVORY,

Plaintiff,

v.

DAVITA DIALYSIS CORP., et al.,

Defendants.

No. 2:19-cv-2268-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed an application to proceed in forma pauperis. ECF Nos. 2, 4.

**I.      Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III. Screening Order**

In this § 1983 action, plaintiff asserts claims for violation of the Eighth Amendment against 21 named defendants based on allegedly deficient medical care.

/////

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Simple negligence does not violate the Eighth Amendment. *Id.* at 835.

Plaintiff has named 21 different defendants. Yet his complaint contains facts concerning just three: defendants DaVita Dialysis, Sagireddy, and Refuerzo. Because there are no facts in the complaint describing how the remaining 18 defendants violated plaintiff's rights, plaintiff has stated no claim against them.

With respect to defendants DaVita Dialysis, Sagireddy, and Refuerzo, plaintiff has also failed to allege facts sufficient to state a cognizable Eighth Amendment claim. He alleges that, from January to March 2019, unidentified staff at "DaVita Dialysis/CHCF" ran plaintiff on a dialysis machine that was malfunctioning such that it only processed between 50% and 60% of plaintiff's blood. ECF No. 1 at 4-8. Defendant Sagireddy, a doctor, sent plaintiff to an outside hospital for a surgical procedure to address "poor blood flow" on February 20, 2019. *Id.* Apparently, Sagireddy concluded that the machine was processing a lower amount of plaintiff's blood due to blockage in plaintiff's veins. When plaintiff returned, he and an outside doctor, Dr. Sattah, told DaVita Dialysis "staff" that plaintiff's blood flow was fine and that whatever the problem was, it was with the dialysis clinic at the prison, possibly from staff sticking the needles in plaintiff incorrectly. *Id.* Thus, the surgical procedure had been unnecessary. *Id.* However, DaVita Dialysis "staff" refuted Dr. Sattah's findings and continued to run plaintiff on the defective machine. *Id.* On February 21, 2019, defendant Refuerzo told plaintiff that he had an arterial stenosis and needed to get a second opinion. *Id.*

On March 2, 2019, plaintiff noticed that the machine was processing the normal amount of blood (instead of 50-60%), so he assumed that whatever blockage he had had resolved. *Id.* But two nurses then told plaintiff that the machine's blood pump had been malfunctioning and had been replaced, and that's what the problem had been all along. *Id.* Thus, plaintiff had been receiving inadequate dialysis treatments since January and had undergone an unnecessary surgical procedure.

While plaintiff's allegations make clear that Sagireddy, Refuerzo, and unidentified DaVita "staff" made a mistake regarding the cause of the poor processing numbers, plaintiff has not

4

alleged any facts from which a factfinder could conclude that any defendant had the requisite deliberately indifferent state of mind; for example, that he or she knew that the dialysis machine presented a risk of harm to plaintiff and used it anyway. Instead, it appears from the allegations that these defendants mistakenly attributed the machine's low numbers to poor blood flow in plaintiff's body. There is no allegation that any staff at the dialysis clinic knew that the machine was malfunctioning or even had reason to suspect that the machine was malfunctioning. While the facts stated by plaintiff may rise to the level of negligence, they do not allege an Eighth Amendment violation.[1] Thus, the complaint must be dismissed with leave to amend.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

/////

---

[1] To the extent that plaintiff seeks to assert a state-law negligence or medical malpractice claim, the court declines to exercise supplemental jurisdiction over that claim absent a cognizable federal claim. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**IV.    Summary of Order**

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to file an amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: March 26, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE